contract, clearly implies that he will ship them in such cars and exercise such diligence as may be reasonably necessary for their safe passage to their destination. Having failed to do this he cannot escape liability. In the case of *Wing* v. *The New York and Erie R. R. Co.*, 1 Hilt. 241, where by the negligence of the carrier a certain lot of potatoes was frozen, the court says : "The fact that they were perishable imposed upon the defendant more than ordinary care and diligence, as mere bailees, and the obligation to deposit them most securely against cold. That it would take longer to do it does not relieve them of the duty. The intensity of the cold created also the obligation of additional vigilance, and what was usual, was not the consideration. What was necessary to be done, under all the circumstances, was the true criterion."

The rule here adopted, that the degree of care and diligence to be exercised by the carrier must be commensurate with the nature of the trust, is salutary and just.

The company, as appears from the evidence, was guilty of the most culpable negligence in transporting the fruit in a car wholly unfit for the purpose, in the winter season. It follows from what we have before said, that the company is liable for loss occasioned by such negligence.

Let the judgment of the court below be affirmed, with costs.

*Affirmed.*

---

TUOKER et al. *v.* McCOY.

1. A bill of complaint to quiet title to a lot within the town site of Georgetown under the act of the legislative assembly of February 11th, 1870 (Laws of 1870, p. 150), must, among other things, aver the entry to the town site under the act of congress of March 2d, 1867 ; that the corporate authorities gave due notice of the entry, and that the complainant filed his statement in writing with the corporate authorities within ninety days. All adverse claimants who filed within the time limited should be made parties to the suit.

2. A party defendant seeking specific relief in a suit in chancery must do so by cross-bill, and must state the grounds upon which he relies for affirm-

ative relief with the same strictness required of the complainant in the original bill, except that he need not show the grounds of equity to support the jurisdiction of the court.

### *Appeal from District Court of Clear Creek County.*

TUCKER and another, the appellants, filed their bill of complaint against McCoy, the appellee, in the district court of Clear Creek county, to quiet title to certain lots in Georgetown, Colorado, alleging title by purchase, occupation and improvements under the laws of Colorado and the acts of congress. McCoy filed his answer to which the complainants replied, and the cause was referred to a special master to take proofs. Upon the hearing had upon the bill, answer, replication and master's report, the defendant had a decree that he was "entitled to receive from the corporate authorities of the town of Georgetown, a deed" for the premises in controversy, and that he have and recover costs, etc.

Mr. L. H. SHEPARD, for appellants.

Mr. L. C. ROCKWELL, for appellee.

THATCHER, C. J. The act of the general assembly, approved March 11th, A. D. 1864, prescribing rules and regulations for the execution of the trust, arising under the act of congress, passed May 23d, A. D. 1844, authorizing the entry of town sites, was revived with a few amendments, Feb. 11th, A. D. 1870, and made specially applicable to the disposition of lands and lots in the town of Georgetown by the corporate authorities thereof, under the act of congress of March 2d, A. D. 1867, entitled "an act for the relief of the inhabitants of the cities and towns upon the public lands." If either the complainant or respondent is entitled to relief, it can only be granted pursuant to the provisions of the said act of February 11th, A. D. 1870. If neither the complainant nor respondent avers and proves a compliance with the requirements of this act, the court is with-

out authority to decree that a deed be executed to either party.

To entitle the complainant to maintain his suit under this act, it is, *inter alia*, necessary: first, that the town site of Georgetown should have been entered under the act of congress, entitled "an act for the relief of inhabitants of cities and towns upon the public lands;" approved March 2d, 1867. That it was so entered is not averred in the bill. Second, that the corporate authorities should have given public notice of such entry by posting notice thereof in at least three public places in such town, and by publishing such notice in a newspaper in the county in which the town is situated. Upon this point the bill is silent. Third, that the complainant should have, *within ninety days* after the first publication of such notice, filed in the office of such corporate authorities, a statement in writing signed by him, containing an accurate description of the particular parcel or parts of land in which he claims to have an interest. A failure to file the statement within the time prescribed operates to bar forever the right of the claimant, both at law and in equity. *Cofield* v. *McClelland*, 1 Col. 372; same, 16 Wall. 335.

The bill does not aver that the complainant, within the time limited, even if notice was ever given, filed his statement. Fourth, that all the adverse claimants who filed their statements within the time limited should be made parties to the suit. For aught that appears in the bill, McCoy may not have been the only adverse claimant.

The rules of chancery pleadings, which demand accuracy and exactness of statement as well as completeness, order and method in setting forth the grounds of suit, have been disregarded in drawing the bill. It is obvious from what we have said that the court below would not have been warranted in entering a decree in favor of the complainant, even if every allegation in the bill had been sustained by proof.

The answer asks that the bill may be dismissed, but

prays for no affirmative relief. Upon this answer the court below was not authorized to grant specific relief, as it did by its decree. By section 5 of the revived act of March 11th, 1864, it is provided that the "pleadings and proceedings in such action shall be as in cases in chancery, except that oral testimony may be introduced upon the trial of the cause." It is a well-settled rule in chancery pleadings that when a defendant seeks specific relief it must be sought by a cross-bill. Story's Eq. Pl., § 398*a; McConnell* v. *Smith*, 23 Ill. 611.

Without it his rights cannot be enforced. The defendant, who becomes *pro hac vice* complainant, must in his cross-bill, with the same strictness as the complainant in the original bill, display the grounds upon which he relies for affirmative relief, excepting only as it is an auxiliary suit, he is not required, as against the complainant in the original bill, to show the grounds of equity to support the jurisdiction of the court. Story's Eq. Pl., § 399; 2 Daniel's Ch. Pl. & Pr. 1549.

Had the pleadings been framed as herein indicated, and had evidence supplemental to the proofs now before us been adduced in support of the additional averments, we would not feel at liberty to disturb the decree. But under the circumstances the decree must be reversed, and the cause remanded with directions to the court below to allow the complainant to file an amended bill, and the defendant to file a cross-bill, without prejudice to the testimony already taken.

*Reversed.*