## TUCKER ET AL. v. McCOY.

1. The statute of 1868 (section 6, article 12), entitled "Towns and Cities," provides for the manner of obtaining and settling titles to lots therein by occupants and claimants thereto, and declares who shall be deemed to have the better right to lands in such cases.
2. The statute of 1868 (page 533, sections 9 and 12), providing for a declaration of right to pre-empt lands, was not intended to apply to town lots.

*Appeal from District Court of Clear Creek County.*

THE facts are stated in the opinion.

Mr. L. H. SHEPARD, for appellants.

Mr. L. C. ROCKWELL, for appellee.

STONE, J. This case was brought here once before (3 Colo. 284), and the decree was reversed on the ground of defective pleadings, and the cause remanded, with leave

to file amended pleadings, without prejudice to the testimony already taken. The record now brought up shows that such amended pleadings were filed, additional testimony taken in accordance with the issues thus made, a hearing had thereon, and decree rendered in favor of McCoy, the defendant below. The error assigned is that the finding and decree are erroneous in that, upon the evidence in the case, they should have been in favor of the complainants below.

The suit was brought to determine which of the parties litigant was entitled to a deed from the proper authorities of the town of Georgetown for certain lots included in the town-site entry under the act providing therefor. Appellee claims under title derived from one Koser, the alleged original occupant. Appellants claim under various titles sought to be derived from one Thomas, an alleged partner of Koser in the original occupancy of the premises, and also attempt to show an abandonment on the part of Koser. Appellants, in argument, also lay stress upon the fact that one of their grantors "pre-empted" the lots by filing a declaration of pre-emption under an early territorial statute, relating to occupants of and claimants to lands of the public domain. It is unnecessary to present or review the evidence in the case for the purposes of the decision here. Section 6 of article 12 of the statute of 1868, entitled "Towns and Cities," and providing for the manner of obtaining and settling titles to lots therein by occupants and claimants thereto, declares who shall be deemed to have the better right to lands in such cases. "The person or persons who shall have first acquired the right to the possession or occupancy of such lands, either in person or by agent, attorney, servant or tenant, or those claiming under him, her or them, shall in every such action be deemed to have the prior and paramount right to such land; and any rule of law or equity which would prevent a determination

in accordance with such prior right shall be disregarded in such action." Guided by the standard of evidence thus presented by the statute, the court below evidently found upon the testimony that Koser, the immediate grantor of appellee, was the prior occupant of the premises in controversy; that he built two log cabins thereon in 1867, lived in them, cleared off the ground, carried on brick-making thereon, and that, when he went away, a year or two afterwards, he did so with no intention of abandoning the premises, for that he left the witness Dosch as his agent and tenant in charge, who had worked for Koser in building the cabins, and who occupied the premises and lived in the house until 1872, when Koser sold the premises to appellee, McCoy.

On the other hand, it is evident that the court found that the alleged title of one of the grantors of appellants, derived through a sheriff's sale of the premises, upon a judgment of a justice of the peace against Thomas, the alleged partner of Koser, was fatally defective and unavailing as against the rights of Koser, and that the subsequent conveyances set up in evidence rest upon no better foundation.   As regards the pre-emption declaration of Case, one of the grantors of appellants, it is evident that the statute providing for such declaration of right was not intended to apply to town lots or to any other description of property than agricultural lands or portions of the public domain which should be occupied by settlers before the public surveys had been extended over such lands, and hence before such occupants could avail themselves of the pre-emption laws of the United States in securing title thereto.   R. S. ch. 72, *vide* secs. 9–12.   A very different mode was prescribed by law for securing title to town lots by the occupants thereof.   Even if our statutory so-called "pre-emption" act were applicable in the case before us, Case was in no position to exercise such right, since the premises were already occu-

pied by the tenant of Koser when Case went on the ground, put up his fence, and filed this statutory declaration.

Upon the facts in the case, as established by the evidence, two different judges of the court below have upon both hearings found in favor of appellee, who derived immediate title from the original occupant, who had the prior and better right to the premises, and that his grantee, the appellee, was entitled to a deed therefor from the town authorities; and we can find nothing in the evidence brought up by the record before us, or in the arguments of counsel seeking a reversal, to warrant us in disturbing the findings of fact or the decree of the court rendered thereon.

The decree entered below is accordingly affirmed.

*Affirmed.*