paid value for the land or that they relied on the record title in their grantor. They were not misled by the plaintiff in any way, took no position to their detriment by reason of the conduct of the plaintiff, but they acted with their eyes open and with full knowledge of all the facts. In such case there is no estoppel. Dye v. Crary, 13 N. M. 439, 458, 85 Pac. 1038, 9 L. R. A. (N. S.) 1136; 16 Cyc. 726.

It follows that the judgment of the trial court was correct and should be affirmed; and it is so ordered.

HANNA, J., concurs.

ROBERTS, C. J., being absent, did not participate in this decision.

---

[No. 1759, September 9, 1915.]
[Rehearing Denied January 11, 1916.]
KEMP LUMBER CO. v. WHITLATCH et al.

### SYLLABUS BY THE COURT.

Under the provisions of sections 5516 and 5521, Code 1915, no action can be maintained in a court of law or equity for the recovery of town-site lands, unless the legal title thereto is vested in the county or probate judge. Held, that where the complaint fails to show that plaintiff complied with the law, in filing its statement or claim with the probate judge within the time required by the notice of said judge, and where the complaint shows that the legal title to the lands in controversy is vested in one of the defendants, the plaintiff is absolutely barred from maintaining the suit, however strong might be its equitable claim to such lands.

Appeal from District Court, Guadalupe County; D. J. Leahy, Judge.

Action by the Kemp Lumber Company, a corporation, against W. T. Whitlatch and others. From judgment for plaintiff, defendants appeal. Reversed, with instructions.

F. FAIRCLOTH of Santa Rosa, for appellant.

The complaint fails to state facts sufficient to constitute a cause of action, for it appears therefrom that plaintiff does not come within the statute.

Secs. 3978 to 3981, incl., C. L. 1897; secs. 3971 to 4009, incl., C. L. 1897; Cofield v. McClemmand, 16 Wall. 331; Tucker v. McCoy, 3 Colo. 284; Territory v. Deegan, 3 Mont. 82; Amy v. Amy, 12 Utah, 278, 42 Pac. 1121; Drake v. Reggel, 10 Utah, 376, 37 Pac. 583; Rogers v. Thompson, 9 Utah, 46, 33 Pac. 234; Robertson v. Martin, 8 Ariz. 422, 76 Pac. 614; Young v. Tiner, 4 Ida. 269, 38 Pac. 697; Mankato v Williard, 13 Minn. 13, 97 Am. Dec. 208; Clark v. Kirby, 18 Utah, 258, 35 Pac. 372.

J. E. PARDUE of Ft. Sumner, for appellee.

The contention that the complaint fails to state a cause of action is destroyed because of the enactment of sec. 1, chap. 12, Laws 1912.

### REPLY BRIEF.

Chapter 12, Laws 1912, has no application to this case, because it has to do only with lands that have not been conveyed to occupants.

### OPINION OF THE COURT.

HANNA, J.—This is a suit brought to cancel certain deeds, enforce the execution of a deed, and quiet title to certain lots. From the pleadings and proof it appears that in 1903 the United States reserved certain lands near Sunnyside, Guadalupe county, N. M., for an irrigation canal project, withdrawing the same from entry. In April, 1910, Thomas G. Sawkins and the defendant Whitlatch determined that a strip of land near Sunnyside was not within the outboundaries of the irrigation canal reserved by the United States, and thereupon Sawkins actually settled upon the strip. He erected a one-story building and fence on a portion of said land with materials furnished and sold to him by defendant Whitlatch. At or about the same time he also purchased of the plaintiff certain lumber and building material. Some time

thereafter, Sawkins abandoned the land and left the country. Whitlatch thereupon brought suit against Sawkins in the justice of the peace court, obtained judgment, and sold the improvements on lot 12 to satisfy his debt, buying the same in at the sale. The plaintiff claims that on May 18, 1910, an agreement was made between it and Sawkins, to the effect that the former should file a materialman's lien on the improvements on lots 11 and 12 and defer suit thereon a short time, and if the indebtedness was not then satisfied, that the plaintiff should then become the owner of said improvements, and the succeeding occupant of said lands. On June 29, 1910, the plaintiff filed its materialman's lien and on January 28, 1911, brought suit in the district court to foreclose the same. Plaintiff obtained final judgment in that case on December 4, 1911, but the same was set aside on April 8, 1912. But this only resulted in rendition of another final judgment in favor of plaintiff on September 24, 1913. The improvements on both of the lots were sold to plaintiff under the terms of that judgment, on December 30, 1913, and the sale was confirmed by the court on February 14, 1914. On May 4, 1911, Lucas Rome, then probate judge of Guadalupe county, N. M., applied to the United States for permission to enter lands adjacent to the town of Sunnyside for town-site purposes under the laws of the United States. The application was approved, and on July 3, 1911, patent was issued by the United States to the then probate judge for such lands, to be held in trust for those proving their right thereto as bona fide occupants thereof. Pursuant to the laws of the then territory of New Mexico, the probate judge on May 11, 1911, gave notice, by publication, to all occupants of said lands to file with him within 60 days therefrom their statement or claim, showing their right to have executed to them a deed for their respective interests in such town site. The defendant Whitlatch duly complied therewith, and on July 15, 1911, obtained a deed for lot 12 in block 24 of the "Depot addition of Sunnyside." Plaintiff filed no such statement, nor did any one for it. The plaintiff

claims to have succeeded to the right of occupancy of Sawkins, and to have asserted claim to the premises continuously since some time after May, 1910, while the defendant Whitlatch claims ownership of the premises by virtue of the deed executed by the probate judge, as well as rights he obtained by virtue of actual possession of the land at the time the same was entered as a town site, as well as by virtue of his purchase of the improvements under the sale held under the execution from the court of the justice of the peace.

The appellant asserts that the theory of the complaint was that, by reason of obtaining a lien on the improvements, situated on lot 12, the Kemp Lumber Company was entitled to possession and occupancy of the land, and that its alleged possession and occupancy was sufficient to entitle it to a deed therefor under the town-site laws.

The first assignment of error is that the complaint does not state facts sufficient to constitute a cause of action, in that it fails to allege that the Kemp Lumber Company, or any one for it, filed a written claim or statement with the probate judge, or complied with any of the statutory requirements. The complaint seeks to cancel the deed from the probate judge to the defendant Whitlatch, as well as from Whitlatch to McCutcheon, and obtain the execution and delivery of a deed by the present probate judge, and then to quiet title to the premises. The land, the title of which is in litigation in this suit, was entered by the probate judge under section 2387 and 2394, inclusive, of the Revised Statutes of the United States. Those sections prescribe the manner in which public lands of the United States may be acquired by settlement and occupation for town-site purposes. So far as this case is concerned, it is admitted that the legal title to the land in controversy vested in the trustee for the benefit of the several occupants thereof, when the trustee received patent therefor, as of the time of his entry upon the land. The land was entered by the probate judge on May 4, 1911, patent issuing therefor on July 3, 1911. Section 5520, Code 1915 (section 3979, C. L. 1897), enacted in 1882, provides that the pro-

bate judge holding the title of such lands in trust shall convey, by good and sufficient deed, the title to each block, lot, and parcel to the persons, their heirs and assigns, who shall have possession, or entitled to the possession and co-cupancy thereof, as their several rights and interests existed at the time of the entry of such lands. Section 5521, Code 1915 (section 3980, C. L. 1897), provides that the probate judge, 30 days after entering such lands, shall give public notice of his entry. Section 5522, Code 1915 (section 3981, C. L. 1897), requires every person claiming to be an occupant, or entitled to occupancy or possession of such lands, to file a statement in writing with the probate judge within 60 days after the first publication of such notice, showing the lands claimed by such persons, and—

"all persons failing to sign and deliver such statement within the time specified in this section shall be forever barred the right of claiming or recovering such lands or any interest therein, or any part, parcel or share therein in any court of law or equity."

The appellant contends that the complaint fails to show that the appellee filed the statement required by law, and therefore the section last referrd to estops the appellee from asserting his rights to the premises in a court of law or equity. This particular section has not heretofore received judicial interpretation by this court. In Cofield v. McClelland, 16 Wall. 331, 335 (21 L. Ed. 339) the court, referring to a statute almost identical with the one under consideration in this case, said that:

"No language could be more explicit to make the failure to deliver the statement within the time specified a bar, an absolute bar, to the recovery of the same, however strong might be the equitable claim to the land so lost."

In Tucker v. McCoy, 3 Colo. 284, 286, the court held that, in a suit to quiet title, the plaintiff must allege that he filed his statement with the authorities within the time prescribed therefor by law, and the compliance with all the requirements of the law should be alleged. See, also, Amy v. Amy, 12 Utah, 278, 42 Pac. 1121, 1132;

Kemp Lumber Co. v. Whitlatch, 21 N. M. 88.

Drake v. Reggel, 10 Utah, 376, 37 Pac. 583, 584; Rogers v. Thompson, 9 Utah, 46, 33 Pac. 234, 235; Robertson v. Martin, 8 Ariz. 422, 75 Pac. 614, 615. But the appellee contends that the statute and the doctrine announced thereunder is not applicable, because of the provisions of section 5516 of the Code of 1915 (section 1, c. 12, Laws 1912). That section provides that any lands entered by the probate judge under the laws of the United States, "the title of which is vested in the probate judge, in trust, for the use and benefit of the several occupants of the land," which lands have not been conveyed to the occupants, their heirs, executors, administrators, and assigns, who were entitled to the same at the time of the entry of the lands or when patent was received from the United States, because of the failure of the probate judge to give notice of entry, or the receiving of the patent, or because the occupants, their heirs, executors, successors, and assigns failed to make and file the statement required by law, such occupants, their heirs, etc., may file suit in the district court to have their interests in such lands ascertained and declared as those interests existed at the time of the entry or the issuing of patent, and thereupon the probate judge shall execute and deliver deeds to the parties entitled thereto. Appellee makes no argument as to the effect of this statute except to declare that the question is so clearly against the appellant that it needs no argument, and that the section last mentioned plainly destroys the force of the contention raised in the demurrer. He also asserts that the matter as raised in the demurrer is purely a matter of evidence. We do not so regard the question. It is clear that prior to 1912, the date of the enactment of section 5516 of the Code of 1915, title to land obtained under the town-site laws of the United States and of the territory of New Mexico could be severally acquired only by filing the statement required by the territorial laws, and that failure to file the statement barred the claimant from claiming or recovering lands or any interest therein in a court of law or equity. The appellant in the case at bar is attempting to recover lands, and is making affirma-

tive claim thereto in a court of law or equity. Under the law as it existed prior to 1912, the lands within the town site which had not been claimed within the 60 days after the publication of the notice, and had not been conveyed by the trustee upon such statements, reverted to and became the property of the town. The title of the act of 1912, § 5516, Code 1915, is:

"An act authorizing and empowering district courts to adjudicate interests in townsites where the title is vested in the probate or county judge and to provide for conveyances effecting the same."

Eliminating descriptive matter and considering only the substance of the act of 1912, it may be said that the sense of the statute is as follows: When the title to town-site land is vested in the probate judge in trust, and no conveyance thereof has been made by him, either because he failed to give notice of his entry or the receiving of a patent, or no statement was made or filed with him, as required by law, that then and in either of those events any occupant, his heirs, executors, successors, or assigns may have his interests in such lands ascertained and declared by suit in the district court, and may compel the probate judge to execute and deliver to him a deed for such interest. It was manifestly the intention of the Legislature by that section to make a particular exception to the prior law and allow town-site lands which theretofore had reverted to the town to be conveyed and possessed by persons who would have received deeds therefor, had not the probate judge failed to publish notice of his entry, or the claimant failed to file his statement or claim. But the Legislature clearly manifests its intention that such suits may be brought only where the legal title, as a matter of fact, stands in the name of the probate judge, as trustee, and the title of the act strengthens what clearly is stated in the body of the act itself. Had no deed ever issued from the probate judge to the defendant Whitlatch, the present suit would have been appropriate to determine the rights of the parties, but, the deed having issued to the defendant, the legal title to the land was not vested in the

trustee, regardless of whether the deed by the trustee was or was not improvidently issued. In other words, the case at bar does not fall within the exception made in the. act of 1912. This question being decisive of the case, it becomes unnecessary for us to determine the other questions urged by appellant. The judgment of the trial court is therefore reversed, with instructions to grant leave to the appellee to amend its complaint so as to conform to this opinion, and upon failure thereof to dismiss the complaint; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.