[No. 1506, May 31, 1913.]

J. R. DAUGHTRY, Appellee, v. CLARA MURRY et al., Appellants.

SYLLABUS (BY THE COURT)

1.  It is impracticable for the assessor to obtain the name of the real owner of a tract of land, from the official county records, as available for his inspection, and, in the absence

of fraud, an assessment against unknown owners is not invalid, because of the fact that the assessor might have ascertained the name of the real owner from the records of conveyances in the office of the county recorder, in those cases where the owner has failed to list his property for taxation.

P. 41

2. It must be presumed, in the absence of a showing to the contrary, that the assessor did his duty, and that in-as-much as he made the assessment to unknown owners, it was impracticable to obtain the real owner's name.

P. 42

Appeal from District Court, Quay County; David J. Leahy, District Judge; affirmed.

C. C. DAVIDSON, Tucumcari, N. M., for appellant.

Statutory provisions for assessment of property for taxation. Sec. 4026, C. L. 1897; sec. 1, chap. 22, laws of 1899; sec. 4031, C. L. 1897; sec. 25, chap. 22, laws of 1899; O'Rear v. Crum, 135 Ill. 294; Young v. Joslin, 13 R. I. 675; Sweigle v. Gates, 84 N. W. 482; Clark v. Crane, 5 Mich. 151; Cromwell v. Wilson, 52 Hun. 614; Northern Pac. R. Co. v. Galvin, 85 Fed. 811; Ferguson v. Kaboth, 73 Pac. 200; Lewis v. Blackburn, 69 Pac. 1024; Dowell v| City of Portland, 10 Pad. 308; Black on Tax Titles (2nd ed.), secs. 105, 111 and 208; Roberts v. National Bank of Fargo, 79. N. W. 1049; Sutherland Statutory Construction, sec. 489 (2nd ed.); People v. Chicago, 142 Ill. 546; Oregon, etc., Co. v. Jordan, 17 Pac. 621; Territory ex rel. Devine v. Perrin, 83 Pac. 361; Centennial Eureka Mfg. Co. v. Juab County, 62 Pac. 1024; C. B. & Q. R. Co. v. Cass County, 51 Neb. 369; Vicksburg Bank v. Adams, 21 So. 401; Raton, W. W. Co. v. Raton, 9 N. M. 70; Stewart v. Board of Co. Comrs., 11 N. M. 517; Territory v. Perea, 10 N. M. 362; Whitney v. Thomas, 23 N. Y. 281; Sharp v. Johnson, 11 Am. Dec. 259; Baer v. Choir, 32 Pac. 776; Zink v. McManus, 3 N. Y. Supp

487; Cooley on Taxation, (2nd ed.), 313; Blackwell on Tax Titles, 399; Crossman v. Crossman, 95 N. Y. 245.

This rule is the same notwithstanding the statute provides a method of correcting assessments. City of Wilmington v. Ricaud, 90 Fed. 214; Chicago & N. W. R. Co. v. Auditor General, 18 N. W. 586; Lewis v. Monson, 151 U. S. 544; Dougherty v. Dickey, 4 Watts & S. 146; Laird v. Hiester, 23 Pa. 452; Harbourn v. Boushey, 7 U. C. C. P. 467; Merton v. Dolphin, 28 Wis. 456; Bubb v. Thompkins, 47 Pa. 359; Price v. Mott, 52 Pa. 315; Randall v. Dailey, 66 Wis. 285; People v. Registrar of Arrears of Brookyln, 114 N. Y. 19; Milliken v. Patterson, 91 Ind. 515; Bonnell v. Roane, 20 Ark. 114; Steeple v. Downing, 60 Ind. 478; Black on Tax Titles, sec. 256; Bridge v. Bracken, 3 Cham. 75; Parker v. Smith, 4 Blackf. 70; Ward v. Montgomery, 57 Ind. 276; Hill v. Leonard, 5 Ill. 140; Latimer v. Lovett, 2 Dough. 204; Beekman v. Bigham, 5 N. Y. 366; Shackelford v. Hooker, 65 Ga. 366; Ives v. Kimball, 1 Mich. 308; Westbrook v. Willey, 47 N. Y. 457; Burke v. Burke, 170 Mass. 499; Black on Tax Titles, 255; Parker v. Overman, 59 U. S. 137; Thomas v. Lawson, 21 How. 331; Berger v. Multnomah County, 78 Pac. 224; Miller v. Cook, et al., 10 L. R. A. 292; Board v. Dill, 29 L. R. A. (N S), 1170; Deepwater Ry. Co. v. Gooch, 27 L. R. A. (N S), 388; Bushnell v. Loomis, 36 L. R. A. (N S), 1029; Luce v. Barnum, 19 Mo. App. 359; vol. 3, Cent. Dig. sec. 3367.

HARRY H. McELROY, Tucumcari, N. M., for appellant.

Tax sale void. Sec. 1, chap. 22, laws of 1899; 37 Cyc. 1378.

It is sufficient in the assessment roll to give such description as will serve to identify the property. Sec. 25, chap. 22, laws of 1899; sec. 4031, C. L. 1897.

It is lawful to assess real estate without connecting therewith any name. Williams v. Supervisors, 122 U. S. 154; 37 Cyc. 1005; James L. Witherspoon, et al., v. Benjamin S. Duncan, et al., 18 Law Ed. 339; Strauss v. Foxworth, 117 Pac. (N. M.), 831; Williams v. Supervisors,

122 U. S. 154; Lendregen v. Peppin, 24 Pac. 859; Glower v. De Alvarez, 101 Pac. 432; Coolidge v. Pierce County, 68 Pac. 391; Keely v. Sanders, 99 U. S. 441; DeTreville v. Smalls, 98 U. S. 517; Castillo v. McConnice, 168 U. S. 683.

Was this assessment valid in the first place? Palmer v. Board, 42 La. Ann. 1122; C. R. I. & P. v. Wertheim, 15 N. M. 505; Fuller v. City of Grand Rapids, 40 Mich. 395.

Injunction proceedings to restrain execution of deed upon sale. Franz v. Krebs, 21 Pac. 101; MacKinnon v. Auditor General, 90 N. W. 329; Black on Tax Titles, 162-3, pages 205-6; Hillinger v. Devling, 105 Pa. St., 417.

A taxpayer is liable for the consequences of mistaken payment on another's property, if the payment is not made through the County Treasurer's mistake. Cooley on Taxation, vol. 2, p. 809; Browne v. Finley, 51 Neb. 465; Maxwell v. Hunter, 65 Ia. 121.

## STATEMENT OF FACTS.

The plaintiff, J. R. Daughtry, brought this action in the District Court of Quay County, to quiet title to lots nine and ten in block one, Russell Addition to Tucumcari, N. M., against the appellants, Clara Murry and Sarah Jane Murry, asserting a fee simple title based upon a tax certificate acquired by him at a tax sale of the property in question, had on May 8, 1906, for taxes assessed against unknown owners for the year 1905, and a tax deed subsequently procured by him after the expiration of the period of redemption. On the 1st day of March, 1905, the title to said property was in the Texas & New Mexico Investment Co., which company made a sworn rendition of its property for the year 1905, but in which return the property was described as situate in Block seven, instead of Block one, the evidence not being clear as to whether the return was made by the agent of the company correctly, or whether the error was attributable to a third person, no evidence being introduced tending to show that the error was chargeable to the assessor. The property was not redeemed from said tax sale, and was subsequently mortgaged by T. M. Murry, who purchased from the

townsite company on May 6, 1906, and Clara Murry, his wife, to Sarah Jane Murry. Prior to the institution of this action and on October 23, 1909, appellee herein, J. R. Daughtry, obtained a judgment against said T. M. Murry, quieting in himself the title to said property as against any claim of said Murry, the appellants in this case not being joined as parties in said action.

Appellant, Clara Murry, filed a separate answer, denying ownership in appellee, and alleging a community interest in the proprrty, and also alleging that the property had been returned for taxation and taxes paid thereon before delinquency, for the period for which the property was sold at tax sale; that her husband and herself had made certain improvements, utilizing therefor community funds in the sum of $1100 ($750 agreed upon by stipulation of counsel as the value of such improvements.) Sarah Jane Murry filed a separate answer, setting up an interest in said property as mortgagee, pleading certain irregularities in the tax title and payment of taxes before sale. The court held that the tax title was valid, and quieted appellee's title to the said property as against appellants. Judgment was rendered, however, in favor of appellant, Sarah Jane Murry, in the sum of $375, less one-half the costs of the action, on the theory of subrogation as mortgagee to the community rights of appellant, Clara Murry, in the improvements placed on said property subsequent to the tax sale.

From the judgment in favor of. appellee, this appeal was granted.

## OPINION OF THE COURT.

HANNA, J.—The first assignment of error relied upon by the appellants is that the trial court erred in its conclusion that the tax sale was in all things regular and valid. The appellants contending that the assessment to unknown owners was an invalid assessment.

Sec. 3956 C. L. 1897, provides that it shall be the duty of probate clerks to enter in a reception book, all instruments affecting the title to real estate, in the name of the persons, alphabetically arranged, whose title is af-

fected thereby. Sec. 3956 was amended, by sec. 1, chap. 22, laws of 1909, by adding thereto the provision that it should also be the duty of the probate clerk "to notify the assessor, in writing, of the filing of such conveyance, the date thereof, the names of the grantor and grantee, the description by metes and bounds, if possible, of the property conveyed, and the date of recordation, which notice shall .be given without charge therefor;" the said amendatory section further providing, as follows: "and the assessor shall file such notice with the papers in his office, relating to the precinct in which said property is located and be guided thereby in making his assessments against the *real owner* of the property."

By sec. 4026, C. L. 1897, it is provided that:

"All taxable property shall be listed, assessed and taxed each year, in the name of the owner thereof, on the first day of March."

By sec. 4031, C. L. 1897, it is further provided that:

"When the name of the owner of any real estate is unknown, by reason of the failure of the owner to list the same, and the assessor finds it impracticable to obtain the name, it shall be lawful to assess such real estate without connecting therewith any name, but inscribing at the head of the page the words, Owners unknown, and such property, whether lands or town lots, shall be listed as near as practicable, in the order of the numbers thereof, and in the smallest subdivision thereof possible."

The question now before us seems to turn upon the point of whether it was necessary for the assessor to turn to the records of deeds of his county and there ascertain the name of the "real owner" of the property, here involved, and failing so to do, an assessment against unknown owners is void. It may well be argued that such was the legislative intent, so far as the same may be gathered from the acts quoted above, but it also. clearly appears that the Legislature intended that property should not escape taxation in those cases where "the assessor finds it impracticable to obtain the name" of the owner.

From an examination of our statute law pertaining to the recording of conveyances, and especially with respect to the indices thereof, it is apparent that no provision has been made for an index, or other form of record, as to tracts, but that an index, alphabetically arranged, as to grantees and grantors has been deemed sufficient. See sec. 782, C. L. 1897; sec. 23, chap. 80, S. L. 1899; chap. 87, S. L. 1903.

With this condition, as to our public records, which the legislature is presumed to have had full knowledge of, can it be said that it intended to require the assessor to make a page by page examination of our record of conveyances for the purpose of ascertaining the real owner of a given tract of land? That the Legislature well understood the impossibility of such requirement is evidenced by the fact that it attempted to provide an independent set of records, in the office of the assessor, by the provisions contained in sec. 1 of chap. 22, of the Session Laws of 1899, supra.

If no transfer of a given tract of land occurred between the date of the enactment of the statute, last referred to, and its repeal by chap. 84 of the Sess. Laws of 1913, this attempt to put the assessor in possession of a means of ascertaining the name of the "real owner" would prove futile.

From the record of the case now before us it does not appear that the assessor had access to any record other than the county records, and, for the reasons given, it cannot be assumed that he could have ascertained the name of the real owner of the lots in question, by an examination of the indices of such record which are required to be kept in the names of grantors and grantees alphabetically arranged. In other words, the assessor must of necessity know a present, or former owner of the property, in order to search the records for the real owner.

We are, therefore, of the opinion that it is impracticable for the assessor to obtain the name of the real owner of a tract of land, from the official county records, as available for his inspection, and, in the ab-

sence of fraud, an assessment against unknown owners is not invalid, because of the fact that the assessor might have ascertained the name of the real owner from the records of conveyances in the office of the county recorder, in those cases where the owner has failed to list his property for taxation. It must be presumed, in the absence of a showing to the contrary, that the assessor did his **2** duty, and that inasmuch as he made the assessment to unknown owners, it was impracticable to obtain the real owner's name.

Our opinion concerning the validity of this assessment makes it unnecessary for us to pass upon the curative provisions of chap. 22, Sess. Laws, 1899, and we, therefore, hold that this assignment of error is not well taken.

The second and third assignments predicate error upon the admission in evidence of the tax sale certificate and deed, on the theory that these instruments did not contain the recital of pre-requisites material to the sale. The objections are clearly disposed of by the case of Straus v. Foxworth, 16 N. M. 442, and we, therefore, deem it unnecessary to further discuss these alleged errors.

The remaining assignments of error are not separately treated in the brief of appellants, and are apparently waived, except as to the seventh and eighth, the latter assigns error in holding that the taxes assessed against the lots in question had not been paid prior to the date of sale.

The mistake as to the return of the property, if one was made, and in the payment of taxes on the wrong property subsequently, are not shown by the record in this case to have been the fault of the taxing officer, but rather the fault, mistake, or neglect of the agent of the owner. The burden was upon the appellants to prove the error, or mistake, if it existed, and they failed in this proof.

This Court, and the Territorial Supreme Court, has frequently held that it will not disturb the findings of the trial court where there is substantial evidence to support

them.   We think there is substantial evidence in this respect.

We note the only remaining point urged by appellants under the seventh assignment alleging error "in finding for the appellant for one-half of the value of the improvements on the lots in question." We do not understand the trial court so found in this case, but that the learned District Judge, by his 12th finding of fact, in substance found that by a former judgment in an action instituted by appellee against T. M. Murry, (the husband of appellant, Clara Murry), the title of appellee, to the lots in question, was quieted as against T. M. Murry.  To consider the merits of this assignment would be to collaterally inquire into the merits of the former suit against T. M. Murry.  We understand the argument of appellants, in this connection, that Sarah Jane Murry, as mortgagee, was entitled to judgment for the full value of the improvements, the mortgage being executed after the improvements were made, she not being a party to the first suit to quiet title.  We are of the opinion that she cannot now raise this point and urge its favorable consideration. Her answer and cross complaint are silent upon the question of improvements.   The money judgment obtained by her, in the court below, was obtained, apparently, on the theory of her subrogation to the rights of Clara Murry's interest in the improvements.

The trial court disposed of the case upon the issues as presented by the pleadings and we cannot now consider a new issue presented here for the first time.

Finding no error in the record, the judgment is affirmed.