185 P.2d 975

**HERRERA et al. v. ZIA LAND CO. et al.**

No. 4978.

Supreme Court of New Mexico.

Oct. 14, 1947.

Rodey, Dickason & Sloan, Frank M. Mims and Gilberto Espinosa, all of Albuquerque, for appellants.

Hugh B. Woodward and Lawson K. Stiff, both of Albuquerque, for appellees.

Opinion on Rehearing

PER CURIAM.

Upon consideration of appellants' second motion for rehearing, the opinion on re-

hearing heretofore filed herein is withdrawn and the following substituted therefor.

McGHEE, Justice.

The appellants, plaintiffs below, joined in an action to quiet title to two tracts of land in the Town of Atrisco Grant, conveyed to them as "heirs" of the grant, against the appellees, defendants below, who also claim title through the grant, although they do not ask any relief.

The deeds to the plaintiffs were dated July 8, 1939, and were on the regular printed forms used by the grant. They recite that they were issued pursuant to a regular quarterly meeting of the Board of Trustees of the Town of Atrisco on June 10, 1939, and that the Board acted in pursuance of Sec. 7, Chapter 3 of the 1917 Session Laws, (1941 Comp. § 9-207).

The statutes provide that conveyances may be made by the Board of Trustees of the common lands to "heirs" of the grant only at a regular meeting of the board, which shall be held on the first Saturdays of January, April, July and October, and the board is not bound by a sale not made at a regular meeting. Provision is made for special meetings, but sales at such a meeting are prohibited.

The parents of plaintiffs were direct descendants and heirs at law of deceased inhabitants of the grant and were alive at the time of the issuance of the deeds. The plaintiffs were minors and were not then residing on the grant.

Three defenses were interposed.

1. That the deeds to plaintiffs were not issued pursuant to a resolution adopted at a regular quarterly meeting of the Board of Trustees, and that they are therefore void.

2. That the plaintiffs were "non-heirs" and the sale to them was not authorized by a mass meeting of the heirs of the grant as provided by Sec. 9-202, 1941 Comp., being Chapter 3, Sec. 2, Laws of 1917.

3. That the description in the deed to Isabel Herrera referred to as tract 52-A is so vague and indefinite that it renders the conveyance void as to it.

The trial court upheld defenses numbered 1 and 2 as to both plaintiffs and defense numbered 3 as to Isabel Herrera.

The corporation has not attempted cancellation of the deeds on these grounds and is not a party to this case.

May the defendants, who base their right on deeds of a later date, on the facts in the record, urge defenses numbered 1 and 2, supra?

The date on which the issuance of the deeds was authorized was not one provided by statute, but the law presumes that public officials perform their duties

until the contrary is shown. Daughtry v. Murray, 18 N.M. 35 (42), 133 P. 101. A regular meeting once convened may adjourn to a later date. McQuillin on Municipal Corpus. (Rev.Ed.) Sec. 632:

"If a regular meeting is adjourned, any business which would have been proper for the body to consider at that meeting may be considered and acted upon at the adjourned meeting * * *. An adjourned meeting of either a regular or stated or special or called meeting is but a continuation of the same meeting."

McQuillin on Municipal Corp. (Rev.Ed.) Sec. 633:

"The application of the presumptions of regularity and validity of the acts of officers of a municipal corporation has been uniform and is to be found in a multitude of decisions on almost every point presented by the ramification of the law relating to them."

1 Jones Commentaries, 2d Ed., pp. 239, 240:

"We find the presumption of frequent application to acts of the governing body of the municipality in connection with the enactment of ordinances or resolutions."

█ The burden was on the defendants to show that the June, 1939, meeting was not in fact an adjourned session of a regular quarterly meeting. They did not offer any proof on this point, but relied solely on the date of the meeting, and this defense therefore fails.

We will now proceed to a consideration of the second defense.

█ The trustees were the governing body of the corporation and before the deeds were ordered issued to the plaintiffs in June, 1939, they necessarily had to determine that the plaintiffs were heirs and entitled to them. The deeds under which the defendants claim having been issued after the delivery of plaintiffs' deeds, they may not collaterally attack the determination of the board in this action.

City of Socorro v. Cook, 24 N.M. 202, 173 P. 682; Board of Trustees of Town of Torreon Land Grant v. Garcia, 32 N.M. 124, 252 P. 478; Fixico v. Frank, 108 Okl. 163, 235 P. 619.

To allow collateral attacks on the deeds of land grant officials years after their issuance by outsiders who may have subsequently acquired adverse interests would lead to intolerable mischief. These land grants were made by the sovereign to provide homes and a means of livelihood for the inhabitants of the grants and their descendants. Left alone their officials seem to do very well in parceling out these lands to the people for whose benefit they were originally granted.

█ We now proceed to a consideration of the description of tract 52-A in the deed of Isabel Herrera, which reads simply:

Measure on the North 283 feet
                           East 253 "
                         South 200 "
                         West 253 "

This description is so vague, indefinite and inconclusive that it is void and of no effect.

That part of the decree dismissing the complaint as to tract 52-A claimed by Isabel Herrera is affirmed. The remainder of the decree is reversed with directions to enter a decree in favor of the respective plaintiffs as to the other real estate involved in the suit in accordance with the views expressed in this opinion, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and COMPTON, JJ., concur.