[No. 3430. Dec. 17, 1929.]

MELAVEN v. SCHMIDT.

[283 Pac. 900.]

Hunker & Noble, of East Las Vegas, for appellant.

T. W. Neal, of Lovington, for appellee.

OPINION OF THE COURT

SIMMS, J. Appellant was held liable under chapter 149, Laws of 1923, as a stockholder of the insolvent People's Bank & Trust Company of Las Vegas, N. M., to the extent of 100 per cent. of her stock therein, or $7,900, and was denied an offset of this liability against a deposit greater than the amount of judgment against her.

The bank was incorporated in the latter part of the year 1912, and after the adoption of our Constitution, art. 11, § 13, of which reads as follows:

"The legislature shall provide for the organization of corporations by general law. All laws relating to corporations may be altered, amended or repealed by the legislature, at any time, when necessary for the public good and general welfare, and all corporations, doing business in this state, may, as to such business, be regulated, limited or restrained by laws not in conflict with the constitution of the United States or of this constitution."

Appellant was one of the original incorporators of the bank, and continued to be a stockholder until it failed in 1925. In the year 1924, the articles were amended by reducing the capital stock to one-half of that formerly outstanding, and in this reduction appellant shared, receiving her pro rata of stock. On this stock she has been held liable for the statutory assessment.

. Appellant says that at the time the bank was organized the liability of the stockholders was fixed by section 403 of the Code of 1915 (section 9, c. 36, Laws 1884), which provides that the stockholder is liable for all debts of the bank contracted while he is a stockholder; such liability being equal and ratable among the stockholders to the extent of their respective shares of stock. She further contends that, since section 403, supra, was repealed by chapter 67 of the Laws of 1915, which fixes a different measure of liability, there is no statute under which she can be legally held. She contends that section 40, c. 67, Laws of 1915, as amended by section 8, c. 149, Laws of 1923, can have no application to her case, because they were each passed after her status as a stockholder was fixed and determined by the charter of the bank, previously granted and having the effect of a contract with the state. She invokes the provisions of both the federal and state Constitutions against impairing the obligations of contract.

In his concurring opinion in the celebrated Dartmouth College Case, 4 Wheat. 518, 712, 4 L. Ed. 677, Mr. Justice Story took occasion to say, with regard to the power of the Legislature to alter or amend the charter of a private corporation:

"If the legislature mean to claim such an authority, it must be reserved in the grant."

This pronouncement was followed by a practice which immediately sprang up, and has become well-nigh universal in the various states; that was to reserve the right and power to alter, amend or repeal the charter. This end has been reached in several ways; in some states it is incorporated in the Constitution, while in others it is a matter of statute, pursuant to which all charters are granted. The controlling question here is whether or not

this state has reserved the power to amend the charter of a bank organized under a general banking law after the Constitution was adopted and in force.

Appellant argues that the provisions of article 11, section 13, of our Constitution, supra, do not constitute such a reservation of power, and lays stress on the absence of the word "charter" from the list of things named as subject to amendment. We think the language used, "all laws relating to corporations may be altered, amended or repealed," is the broadest possible statement of the reserved power. It not only includes those laws relating to corporations which may properly be said to be a part of their charters, but any and all other laws relating to the subject which might not be treated as a part of their charters. With such a reservation of power upon which to base them, subsequent statutes fixing liability of stockholders in banks organized under the laws of this state (section 40, chapter 67, Laws of 1915, as amended by section 8, chapter 149, Laws of 1923) were valid, and did not offend against either the state or the federal Constitutions. 14 Corpus Juris, "Corporations," p. 183; Ruling Case Law "Corporations," pars. 90 and 92; Sherman v. Smith, 1 Black, 587, 17 L. Ed. 163; Tomlinson v. Jessup, 15 Wall. (82 U. S.) 454, 21 L. Ed. 204; Looker v. Maynard, 179 U. S. 51, 21 S. Ct. 21, 45 L. Ed. 79; Duke v. Force, 120 Wash. 599, 208 P. 67, 23 A. L. R. 1354, citing cases; Fletcher on Corporations, par. 4146; McGowan v. McDonald, 111 Cal. 57, 43 P. 418, 52 Am. St. Rep. 149.

Next, appellant claims that, if she is held liable for the stock assessment, she should be entitled to an offset of a sufficient amount of her deposit to discharge such liability, and an unsecured claim for the balance of the deposit, which was larger in amount than the judgment against her.

There is no question but that the great weight of authority is against the right to such an offset as against a stockholder's liability. Morse on Banks & Banking, § 338; McDonald v. McFerson, 80 Colo. 4, 249 P. 496; Wehby v. Spurway, 30 Ariz. 274, 246 P. 759; Barth v.

Pock, 51 Mont. 418, 155 P. 282; Williams v. Rose (D. C.) 218 F. 898.

But appellant says that in Maddison v. Bryan, 31 N. M. 404, 247 P. 275, and in State v. Bank of Magdalena 33 N. M. 473, 270 P. 881, we have placed a construction upon the law which justifies and requires the allowance of the offset. We will examine those cases.

In Maddison v. Bryan, supra, we held that the liability of stockholders was "an asset of the bank in the hands of a receiver." We were discussing section 86, c. 67, Laws of 1915, which provides that such liability "shall be deemed an asset of said insolvent bank and such receiver shall have the sole and exclusive right to maintain such action (for its recovery)." That statute was passed to obviate the cumbersome and expensive method formerly prevailing, under which the creditors and not the receiver enforced the stockholders' liability. Clapp v. Smith, 22 N. M. 155, 159 P. 523. It transfers to the receivership proceedings the right to collect the liability and administer it without a second suit. For such purpose the liability is "deemed an asset of said insolvent bank." By nothing said did we indicate that the stockholder's liability was ever to be deemed an asset of a solvent bank. So long as the bank is open and solvent, it could not set the liability upon its books as an asset, nor could it offset it against a depositor's account. When the liability is fixed by insolvency and receivership, it comes into the receiver's hands, not from the bank but from the stockholders, by virtue of the statute. Neither the conclusion reached nor the reasoning given in Maddison v. Bryan supports the appellant's claim to a set-off of a deposit, which was an asset of the bank while open, as against a liability which arose after the bank closed and never belonged to the bank itself but only to its receiver. Section 959, Code 1915.

Nor is there anything in State v. Bank of Magdalena, supra, which justifies appellant's position. There we held that an indemnitor of a surety who became such while the bank was solvent and open could offset the amount he was forced to pay by reason of his contract against

an ordinary debt to the bank. Although the indemnitor actually paid the money after the bank became insolvent, he became liable to pay it when he became bound to the bank's surety, and by the doctrine of relation we held that the bank became indebted to him as of the day he became indebted to the bank's surety, and thus he was in a position to offset the one existing liability as against the other. That case did not involve a stockholder's liability, nor did it discuss an offset as between a deposit which the bank, while open, owed the customer, and an asset which never belonged to the bank, but only came into the receiver's hands from an independent source, after insolvency and the closing of the bank by the receivership.

It follows that the judgment of the lower court was correct. This cause should be affirmed and remanded, and it is so ordered.

BICKLEY, C. J., and CATRON, J., concur.

WATSON and PARKER, JJ., did not participate.