239 P.2d 535

**ARMIJO et al. v. TOWN OF ATRISCO.**

No. 5373.

Supreme Court of New Mexico.

Dec. 14, 1951.

Rehearing Denied Jan. 23, 1952.

Martin A. Threet, Joseph R. McNeany, Albuquerque, for appellants.

Hannett & Hannett, Albuquerque, for appellee.

McGHEE, Justice.

The plaintiffs below (appellants here) brought a declaratory judgment action for themselves and on behalf of all of the descendants and successors in interest of the original settlers of the Atrisco Land Grant against the Town of Atrisco, a corporation organized in 1892 under Chap. 86, Laws of New Mexico 1891, the provisions of which enactment are substantially contained in Chap. II, Title XXII, New Mexico Comp. 1897, to determine what interest, if any, they have in the common lands of said grant, the nature of such interest, and whether they acquired their interest by descent and distribution or as beneficiaries of a trust. They asked if it be found they were the beneficiaries of a trust whether the corporation has statutory power to exercise the trust.

The defendant in substance answered that it was granted absolute title to the common lands by the United States and further pleaded two judgments as res judicata and estoppel.

The plaintiffs and defendant each moved for summary judgment and the trial court granted the motion of the defendant and held it to be the owner in fee simple of the common lands of the Atrisco Grant.

As all of the material evidence was documentary the plaintiffs have asked that we re-examine it, make our own findings of fact and substitute them for certain findings made by the trial court. We have carefully examined the various documents and see no reason for setting aside the findings of fact made by the trial court. On the contrary, we approve them.

The trial court filed an opinion which contains a careful statement of the controlling facts. It has our approval and so thoroughly covers the case there is but little we can add to it. It reads as follows:

"The plaintiffs, who are or represent land owners, citizens and residents of the original community of Atrisco and descendents and successors in interest of the original settlers of the Community of Atrisco, have asked this Court in this class action to determine what rights they have in the common lands of the Atrisco Grant.

"The evidence shows that about 1700 a grant was apparently made by the then Governor and Captain General of the Kingdom and Province of New Mexico, under the Crown of Spain, to the inhabitants and settlers of the community of Atrisco, through its founder, Fernando Durany Chavez. The grant was located west of Albuquerque and was bounded on the East by the Rio Grande, and contained about 41,000 acres. The papers concerning this grant were lost or destroyed soon after it was made which has led to some confusion concerning the nature of the grant. Later, on

April 28, 1768, a petition was presented to Pedro Fermin de Mendinueta, Governor and Captain General of New Mexico, by fifteen citizens of the settlement of Atrisco asking that they be granted what amounted to an additional 25,000 acres of land adjoining the first grant and bounded on the West by the Rio Puerco, because they needed additional grazing lands and a source of fire wood and, as a result, the Governor granted said land to the people of Atrisco and to their children and successors, under the condition that they settle and occupy it with their livestock and not convey it to any ecclesiastical person. Thereafter, the Governor designated Francisco Trebol Navarro, Chief Alcalde and War Captain of Albuquerque, to deliver possession of said lands to the grantees, and on May 7, 1768, Navarro summoned the people involved to appear before him. The grant from the Governor was exhibited to him by the Lieutenant of the Chief Alcalde of the Town of San Fernando, which was near the Atrisco settlement, and upon examining the grant he found that the description of the land involved had been altered so as to describe a much larger tract, but he was able to read the true descriptions under the erasures and forgeries and then proceeded to measure and mark the land grant. He then delivered possession of the land to Jose Hurtado de Mendozo, who had been appointed by the other residents of Atrisco to represent them and who was the principal citizen of Atrisco and, when the ceremony was over, Navarro cautioned the grantees to live in peace and harmony and without injuring one another in their pasture grounds and notified them that no one, except the grantees, could use the grounds without the full consent of all the settlers and that they could not sell the land but could only use it with their stock. The Alcalde designated some portions of the grant for certain individuals, but it seems clear that practically all of the lands granted were intended to be used in common by the residents of the colony known as Atrisco.

"On February 26, 1892, a petition, signed by over 225 persons who claimed that they were the owners of the Atrisco Grant, was filed in this Court. The petitioners asked the Court to create a body politic and corporation under the corporate name of The Town of Atrisco, as provided for by an Act of the Legislative Assembly of the Territory of New Mexico, approved February 26, 1891. This Act has been amended from time to time since 1891, but it is still in effect, substantially in its original form. In 1891 the Act provided, in effect, that such a petition could be filed by the owners and proprietors of a land grant desiring to accept the benefits of the Act as set forth therein. It also required that notices be given to all the owners and proprietors of

the land grant that such a petition had been filed and that upon request an election be held to ascertain if the owners favored the granting of the petition. In this case, the notices were given as provided by the Act, an election was held and more than two-thirds of the voters, who were the owners and proprietors of the Atrisco Grant, voted in favor of the granting of the petition. Accordingly, on April 11, 1892, the Court entered its Decree granting the prayer of the petition and ordered that the petitioners and their associates and successors be created a body politic and corporation under the corporate name of The Town of Atrisco.

"By accepting the benefits of the Act, the petitioners also accepted its obligations and agreed to be bound by its provisions. In this connection, it should be noted that the Act provided that upon the entry of such a Decree by the Court the legal and equitable title to all the lands within the exterior boundaries of the grant would vest in the corporation. However, persons then holding paper title to any of the lands were given the right to file a petition asking for confirmation of their title within two years after the election of the board of trustees of the corporation and the petitioners were given the right to appeal the action to the District Court. The Act provided that the affairs of the corporation would be conducted by a Board of Trustees elected at regular times by the owners residing upon the Grant and that meetings had to be held at certain times and officers elected.

"The corporation was given the power by the Act to sue and be sued, to make rules and regulations, to levy such assessments against the owners as were necessary to conduct its business, to have a seal, and to determine the number of animals that would be permitted to graze upon the lands and the price which the owners were required to pay for grazing privileges. The Corporation was also given the power to sell, convey, lease, mortgage or otherwise dispose of so much of the land grant or real estate described in the petition as was held in common by the owners, but the Act also gave the owners or residents the right to object to the action of the Trustees and to call an election for approval or disapproval of the action.

"After the incorporation of The Town of Atrisco, the question as to whether the Spanish grants to the people of Atrisco should be recognized by the United States Government was referred to the Surveyor General for New Mexico for investigation under the provisions of the 8th Section of the Act of Congress approved July 22, 1854 [10 Stat. 308], establishing the office of Surveyor General of the Territory of New Mexico, and defining his duties. On January 28, 1886, he made his decision and report. He found that the two tracts in-

volved constituted a tract of land bounded on the East by the Rio Grande and on the West by the Rio Puerco which was 8 miles from North to South and nearly 14 miles from East to West, and, after considering the matter, he approved both grants to the inhabitants and settlers of the Town of Atrisco and transmitted the matter to Congress for its Action.

"On November 4, 1892, after no action had been taken by Congress, The Town of Atrisco instituted proceedings in the United State Court of Private Land Claims against the United States and the City of Albuquerque for the purpose of having confirmed in The Town the title to the grants. After considering the matter, the Court handed down an opinion in which it found that both grants were community grants and that the people of Atrisco held the land as a community under a community grant and for that reason fell within the letter of the 1891 Act of the Assembly of the Territory of New Mexico. The Court concluded that the grants should be confirmed to the Town of Atrisco for the use of the inhabitants of the land as their interests may appear. Thereafter, a Final Decree was entered by the Court in which it was recited that the grants were established and confirmed to The Town of Atrisco in trust for the use and benefit of the inhabitants of the original and additional grants as their respective interests may appear.

"On May 5, 1905, after the Court of Private Land Claims had approved the grants, the United States Government issued a patent granting the land involved, which amounted to 82,728 acres, to The Town of Atrisco and to their successors in interest and assigns to have and to hold the same together with all the rights, privileges, immunities and appurtenances of whatsoever nature thereunto belonging unto the said Town of Atrisco in trust for the use and benefit of the inhabitants of said original and additional grants as their respective interests may appear and to their successors in interest and assigns forever.

"During the hearing a transcript of the docket entries made in the case of James M. Hubbell vs. The Town of Atrisco, a corporation, No. 22606, District Court, Bernalillo County was introduced in evidence. The Court file has been lost and no one has been able to locate it. The docket entries show that a complaint and answer were filed: that the matter was referred to a Special Master by agreement of the parties; that he submitted a report to the Court on February 7, 1936; and that the report was approved by the Court. The Court in its order approving the report held that the persons listed in the report were entitled to share in the profits and benefits of the corporation, and that they were entitled to the respective shares appearing opposite their names in the report, in and

to any assets now accumulated or to be accumulated from the common lands of the Grant. Thereafter names were added by the Court to the list by petition and in one order the Court found that three named individuals each had a 1/233 interest in the Grant. People were still filing petitions to have their names entered on the list up until November 12, 1943, when the last entry was made. No final order has been entered in the case and in my opinion the case can certainly not be called res judicata in the present case since there is nothing appearing in the judgment roll establishing the requirements set forth in the case of Lindauer Mercantile Company v. John J. & J. G. D. Boyd, 11 N.M. 464 [70 P. 568].

"On June 11, 1940, certain residents of the Atrisco Grant reported to this Court that the affairs of The Town were being mismanaged and that the State laws governing its operations, especially with regard to the sale and conveyance of its common lands were being violated by its officers and, on November 2, 1940, the Court so found and ordered that all of the funds of the corporation be deposited with the Clerk of the Court. Later, the Court ordered, among other things, that the funds be returned to the Treasurer of the corporation, upon his furnishing a surety bond, and that no sales, mortgages or other alienation of the common lands of the Town could be made in the future without the Court's approval, which Order is now in effect.

## "Conclusions

"The plaintiffs claim that they either own the lands in question in fee simple as tenants in common or that The Town of Atrisco has been holding said lands in trust for them and that the lands should now be divided among them. It is my opinion, however, that title to said lands has been vested in The Town of Atrisco for over fifty years in fee simple and that the plaintiffs have no interest in said lands except that they do have the right as set forth in our State Statutes to participate in the affairs of the corporation, as they and their predecessors have been doing for the past fifty years.

"The grants in question were community grants from the very beginning. The lands covered by the original grant and by the later grant were intended by the Spanish Government to be used in common for an indefinite period by the inhabitants of the community of Atrisco as grazing and wood lands, and when the plaintiffs' predecessors petitioned for and approved the incorporation of The Town of Atrisco under the provisions of the Act of the Legislative Assembly of the Territory of New Mexico, approved February 26, 1891, they agreed to be bound by the provisions of that Act and, as stated above that Act provided,

in effect, that upon the entry of the Decree by the Court incorporating The Town of Atrisco the legal and equitable title to all the lands would vest in the corporation. Later, when the United States Government confirmed and approved the grants and relinquished whatever rights it had in the land to The Town of Atrisco in trust for the use and benefit of the inhabitants of the original and additional grants as their respective interests may appear and to their successors in interest and assigns forever, it is my opinion that the Government clearly intended that title to the common lands involved would vest in The Town of Atrisco and not in its inhabitants and that by using the words, 'in trust' it was not intended to set up a trust as that term is ordinarily used but it was intended that the title to the land would vest in the Town, which was and is a quasi municipal corporation, and that the land would be administered by the Town for the benefit of its residents and as a part of its governmental machinery, in accordance with the provisions of the Act of 1891, as amended from time to time.

"A declaratory judgment should be entered in this case in accordance with my opinion."

The plaintiffs admit the orders entered in the case of Hubbell v. Town of Atrisco, docket No. 22606, in the District Court of Bernalillo County, do not constitute res judicata, but contend the case should operate as an estoppel against the claim of the defendant that the common lands are a community grant to which it holds fee simple title. We are unable to agree with this contention. The files in the case are missing and it is impossible to determine with any degree of certainty what the issues in such case were, nor was a judgment ever entered therein. It seems to have languished on the docket of the District Court since the last petitions were filed in November, 1943, forgotten by its sponsors and undisturbed by the various judges who have presided over the court in which it is pending.

■ Viewing the uncertainty of issues in the case, the absence of final judgment and the apparent abandonment of the action, we hold it cannot serve as an estoppel against the defendant.

The plaintiffs' major contention is that a trust was created in their favor by the terms of the patent issued to the Town of Atrisco. The wording of the patent, so far as material here, reads:

"Now Know Ye, That the United States of America, * * * have given and granted and by these presents do give and grant unto the Town of Atrisco and to

their successors in interest and assigns the tract above described:

"To Have and To Hold the same together with all the rights, privileges, immunities and appurtenances of whatsoever nature thereunto belonging unto the said Town of Atrisco in trust for the use and benefit of the inhabitants of said original and additional grants as their respective interests may appear, and to their successors in interest and assigns forever."

With respect to the history of Spanish and Mexican land grants, it is firmly established that as to the common lands the title remained in the sovereign and the settlers on a community grant had only the right to common use of the lands; when such lands became a part of the United States, the latter was free to issue a patent thereto to whomsoever it pleased and with such restrictions as it saw fit. United States v. Santa Fe, 165 U.S. 675, 711, 17 S.Ct. 472, 41 L.Ed. 874; United States v. Sandoval, 167 U.S. 278, 296, 297, 17 S.Ct. 868, 42 L.Ed. 168; Rio Arriba Land & Cattle Co. v. United States, 167 U.S. 298, 308, 17 S.Ct. 875, 42 L.Ed. 175; Bond v. Unknown Heirs of Barela's, 229 U.S. 488, 492, 493, 33 S.Ct. 809, 57 L.Ed. 1292, affirming 16 N.M. 660, 120 P. 707.

The plaintiffs place their principal reliance on the words "in trust for the use and benefit of the inhabitants of said original and additional grants as their respective interests may appear, and to their successors in interest and assigns forever," as contained in the habendum of the patent.

To construe the instrument we must turn first to the words of the granting clause, " * * * do give and grant unto the Town of Atrisco and to their successors in interest and assigns the tract above described". The only possible construction of this clause standing alone is that it gives an absolute unconditional estate in fee simple to the corporation and, by the general rule of construction, if the granting clause and the habendum are irreconcilable, the granting clause must prevail. 26 C.J.S., Deeds, § 129(b); 16 Am. Jur., Deeds, sec. 232; 7 Thompson on Real Property, Perm.Ed., secs. 3522, 3524.

But it is unnecessary to base our decision on this seemingly harsh rule of construction, for even if we might conclude that the granting clause and the habendum when taken together indicate the land was intended to be granted in trust and seem to sustain the contention of the plaintiffs that they and those they represent are the beneficial owners and the corporation holds merely the legal title as trustee for them, still, when we consider the background of the grant, the fact that lands had previously been allotted to many of the settlers, the

construction given the patent by the people who instituted the incorporation of the Town of Atrisco under the Act of 1891, as well as the acquiescence in that construction by those who followed and succeeded to their interests, it is clear that as to the common lands any trust created was, as determined by the trial court—that the corporation would administer the common lands for the benefit of its residents, and as a part of its governmental machinery. *

The plaintiffs and those for whom they act have taken part in the election of the corporate directors or trustees for more than fifty years; the corporation has from time to time parted with title to more than forty thousand acres of the grant; plaintiffs acquiesced in the prosecution of the 1940 suit (Carabajal et al. v. Candelaria et al., No. 27432, District Court of Bernalillo County) with an allegation that the lands were a community grant, and in which case the corporation was placed in a semi-receivership for a time with disposition of common lands forbidden without approval of the district court. Intolerable mischief would follow a holding at this late date that the defendant corporation held title only as trustee for the plaintiffs and those for whom they act.

Even if we be mistaken in our construction of the granting clause of the patent, it is too late now to entertain the claims of the plaintiffs. Those under whom they claim procured the incorporation of the defendant on the claim the grant was communal, they procured a decree of the Court of Private Land Claims similarly holding the grant to be communal as a step in securing the patent, and they have participated in its operation as such a grant for too long a time to now raise the question. Here is an ideal instance for the application of the doctrine of estoppel. Patterson v. Hewitt, 11 N.M. 1, 66 P. 552, 55 L.R.A. 658, affirmed 195 U.S. 309, 25 S.Ct. 35, 49 L.Ed. 214; 19 Am.Jur., Estoppel, sec. 34 et seq.; 31 C.J.S., Estoppel, § 107 et seq.

We have carefully considered all contentions made by the plaintiffs, but we are convinced the judgment of the District Court should be affirmed.

It is so ordered.

LUJAN, C. J., and SADLER and COMPTON, JJ., concur.

COORS, J., not participating.