466 P.2d 862

Charles DAVIS, Plaintiff-Appellee,

v.

WESTLAND DEVELOPMENT COMPANY, Inc., successor in interest of the Town of Atrisco, a corporation, Defendant-Appellant.

No. 8921.

Supreme Court of New Mexico.

March 16, 1970.

---

Lorenzo A. Chavez, Avelino V. Gutierrez, Albuquerque, for appellant.

Hannett, Hannett, Cornish & Barnhart, Albuquerque, for appellee.

## OPINION

WATSON, Justice.

On June 28, 1967, Charles Davis filed a suit to quiet title to 52.44 acres of land in the Town of Atrisco Grant, Bernalillo County, New Mexico. The only defendant was the Town of Atrisco, a corporation. On June 30, 1967, the defendant, through its attorney and chairman and secretary of the Board of Trustees, disclaimed any right, title, and interest to the real estate in favor of the plaintiff. On the same day a final decree was entered. It contained only the usual recital that the defendant had no valid lien or claim, right, title, or interest in the property and quieted title in the plaintiff. It also ordered the clerk of Bernalillo County, New Mexico, to accept for recording original deeds from the Town of Atrisco conveying the lands and deeds from prior owners to the plaintiff.

On August 6, 1968, Westland Development Company, Inc., successor corporation of the Town of Atrisco (see Westland Development Co. v. Saavedra, 80 N.M. 615, 459 P.2d 141 [1969] ), filed a motion to vacate and set aside the final decree pursuant to Rule 60(b), § 21–1–1(60) (b), N.

M.S.A., 1953 Comp. On November 22, 1968, Westland filed a motion for production of documents pursuant to Rule 34, § 21–1–1(34), N.M.S.A., 1953 Comp. Both motions were heard on April 17, 1969.

At the opening of the hearing Mr. Gutierrez, one of Westland's attorneys, pointed out to the court that the disclaimer was subject to the judge's approval, and that according to Westland's information there were no alienations of record from the Town of Atrisco to this property. He stated that Westland was not prepared to proceed until it had been allowed the discovery sought by its motion under Rule 34, supra, and that its principal attorney, Mr. Lorenzo Chavez, was unable to be present because he was engaged in the trial of another case. The court proceeded with the hearing, and Mr. Arturo Herrera, Secretary-Treasurer of the Board of Trustees of the Town of Atrisco, testified for the plaintiff concerning the deeds the Board had received from the plaintiff for examination prior to the execution of its disclaimer. Upon objection by Mr. Gutierrez to this testimony, because the deeds themselves were the best evidence, the court ruled:

> "You have got a disclaimer in the file from the Town of Atrisco and really whatever went on before that is kind of immaterial."

Westland presented no evidence, and at the close of the hearing the court again stated that the deeds and other documents preceding the disclaimer were unnecessary, and he was going to deny the motion for production of documents but would recess the hearing until Mr. Chavez could be present.

A tender of proof was made by Westland at the reconvened hearing on April 22, 1969. The evidence, tendered without objection from appellee, included a statement that the Town had been assessed and had paid taxes on the lands here involved for the year 1967, and "[t]hat the purported grantees from the Town of Atrisco whose deeds were recorded in 1967 are not

known and have never been known to be heirs of the Town of Atrisco, * * *." This additional tendered evidence did not appear persuasive to the court, and it denied both motions by the order filed on that day.

On May 2, 1969, Westland filed requested findings and conclusions. On May 19, 1969, Westland appealed from the order of April 22. On June 3, 1969, the plaintiff filed requested findings and conclusions, and on the same day the court's findings and conclusions were filed.

■ Upon the filing of the notice of appeal on May 19, 1969, the trial court lost jurisdiction and could not make findings or conclusions. Damon v. Carmean, 44 N.M. 458, 104 P.2d 735 (1940) ; Mirabal v. Robert E. McKee, General Contractor, Inc., 74 N.M. 455, 394 P.2d 851 (1964). We must disregard the findings in reviewing the judgment of April 22, 1969. Damon, supra.

■ Under its Point I appellant claims that the decree in the suit to quiet title is void because the deeds are forgeries and the descriptions therein are inadequate to pass title. There is no evidence of the deeds or their contents of record, and the proof tendered on April 22, 1969 by appellant stated only that of six deeds which were relied upon by plaintiff two were signed by the same person and four were signed by a different person, and that the grantees were not heirs of the grant. This was insufficient to allow the motion to vacate and irrelevant on the question of forgery or inadequacy of description.

■ By its Point II appellant quotes a portion of § 8–2–2, N.M.S.A., 1953 Comp., as follows:

"Provided, however, that no sale of the lands held in common can be made to persons who are non-heirs of the grant unless a majority of such heirs present at a mass meeting to be called fifteen (15) days in advance thereof by the president of the board of trustees vote in favor of any proposed sale to non-heirs, * * *."

There was no evidence that such a meeting had not been held before the sale of the lands here involved. The burden of proving this was on appellant, and it presented no evidence of this nor evidence as to the invalidity of the decree in the suit to quiet title. The presumption is that the public officials perform their duties. Herrera v. Zia Land Co., 51 N.M. 390, 185 P.2d 975 (1947). Mr. Herrera's testimony indicated that certainly no mass meeting, as described in § 8–2–2, supra, was held prior to the execution of the disclaimer. If the disclaimer itself was the conveyance, the statute becomes applicable to it. See Armijo v. Town of Atrisco, 62 N.M. 440, 312 P.2d 91 (1957), where we held § 8–2–2, supra, applicable to a proposed distribution by court order. Here again there was insufficient evidence for the granting of the motion to vacate, but there was evidence which, with that tendered as above mentioned, should have been considered in ruling on the motion for discovery.

Appellant's Point III calls our attention to a recital in Armijo v. Town of Atrisco, 56 N.M. 2, 239 P.2d 535 (1951), indicating that an order was entered in Cause No. 27432, Carabajal v. Candelaria, by the District Court of Bernalillo County forbidding the disposition of the common lands of the Town of Atrisco Grant without approval of that court.

In Armijo v. Town of Atrisco, 56 N.M. 2, 239 P.2d 535, supra, we did approve and quote the opinion from the District Court of Bernalillo County in which Judge Swope set forth the history of the Grant and the necessity for the order above mentioned. Later, in Armijo v. Town of Atrisco, 62 N.M. 440, 312 P.2d 91, supra, we refer to the supervisory jurisdiction retained by the court over the Town of Atrisco by its order of September 17, 1941, in Cause No. 27432, and the prohibition against sale, mortgage, or other alienation of the common lands of the Town of Atrisco unless first approved by the court. Nothing in Westland Development Co. v. Saavedra, supra, our most recent decision involving the saga of the Town of Atrisco

Grant, would indicate any reason for the relinquishment of the supervisory jurisdiction pertaining to the alienation of common lands prior to Westland's takeover of the corporation.

Appellee does not answer appellant's Point III. He does not deny that this prohibition against alienation was in effect at all times material hereto, nor does he deny that the lands involved are the common lands of the Grant. If the order of September 17 was still in effect, then, unless the deeds to plaintiff's predecessor in title had been approved, the disclaimer itself would have been an alienation of title.

It is questionable as to the extent of judicial notice either this court or the trial court could take of the factual matters recited in the two Armijo cases, supra, or the Westland case, supra. Miller v. Smith, 59 N.M. 235, 282 P.2d 715 (1955). We note that we considered the history of the Grant as recited in Armijo, 56 N.M. 2, 239 P.2d 535, supra, in our opinion in Armijo, 62 N.M. 440, 312 P.2d 91, supra; we noted in the latter that it arose out of the same cause as the former. Such is not the case here, but the filing prerogative of the plaintiff should not control our determination of this question. A broad restriction on our power to take judicial notice of our records could lead to absurd results. Alamogordo Improvement Co. v. Palmer, 28 N.M. 590, 216 P. 686 (1923).

We believe we can safely assume that the trial court was familiar with any mandate it had issued requiring its approval of the alienation of common lands of the Grant. Hobbs v. Town of Hot Springs, 44 N.M. 592, 106 P.2d 856 (1940); Rule 44(d), § 21-1-1(44) (d), N.M.S.A., 1953 Comp.; Ex Parte Lott, 77 N.M. 612, 426 P.2d 588 (1967). The record discloses no evidence of this from which we can review the court's ruling on the motion to vacate; Richardson Ford Sales v. Cummins, 74 N.M. 271, 393 P.2d 11 (1964), but the matter is one for consideration in ruling on the motion for a discovery.

Appellant's Point IV claims error because of the trial court's denial of its motion for discovery of documents. Appellee's answer, that appellant's lack of diligence in calling up the motion for hearing until the hearing on the motion to vacate, would constitute sufficient reason for the court in its discretion to deny the motion. However, this was not the reason the court denied the motion. The court felt that the documents evidencing alienation of the Town of Atrisco lands were unnecessary in view of the presumed validity of the disclaimer.

We believe that the circumstances of the hurried two-day suit to quiet title and the decree which contained no specific findings when considered along with the requirements of § 8-2-2, supra, the tendered evidence, and the status of the order in Cause No. 27432 were sufficient to require the allowance of the motion for discovery under Rule 34, supra, before requiring trial of the motion under Rule 60(b), supra. The Rules of Civil Procedure, including those involving discovery, are made for arriving at the truth; and unless every man receives his fair day in court, the rules will fail in the proper administration of justice. Salitan v. Carrillo, 69 N.M. 476, 368 P.2d 149 (1961).

Certainly the documents pertaining to the alienation of the land from the Town of Atrisco were relevant and necessary to the preparation of plaintiff's case; no other source for obtaining these documents was indicated. The scope of the examination is as broad under Rule 34, supra, as under Rule 26(b) or Rule 33, § 21-1-1(26) (b) and (33), N.M.S.A., 1953 Comp. We quote from 4 Moore's Federal Practice, § 34.09 (2nd Ed.) at page 2494:

"[Like all rules of discovery] Rule 34 is to be liberally construed. 'These Rules are salutary in effect an[d] enable the court to at least approximate moral justice under the law.' [']The purpose of the rule * * * was to make broad and flexible the litigant's right to

discovery. The rule should be liberally, rather than narrowly, construed.' 'The rules permit "fishing" for evidence, as they should. If documents in defendant's possession tend to sustain plaintiff's claim, plaintiff is entitled to inspect them and have the use of them as evidence.' " Citing Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and other cases.

The present case is similar to the case of Roth v. Bird, 239 F.2d 257, on page 260 (5th Cir. 1956), where the court said:

"Under such circumstances, it seems to us that the district court, in denying the discovery sought, exercised its discretion improvidently and in reliance upon a wrong principle; and that, in so doing, it committed a fully reviewable error of law." (Citing cases.)

The judgment of the trial court is remanded with directions to grant discovery to appellant upon such terms and conditions as the trial court deems reasonable and to grant a rehearing on its motion to vacate.

It is so ordered.

COMPTON and SISK, JJ., concur.