**Michael Jay PALM, Debtor–Appellant,**

v.

**Jill PALM, Appellee.**

**No. 89–CV–0033J.**

United States District Court,
D. Wyoming.

Oct. 3, 1991.

Ken McCartney, Cheyenne, Wyo., for debtor-appellant.

Debra A. Hecox, Cheyenne, Wyo., for appellee.

## ORDER ON APPEAL

ALAN B. JOHNSON, District Judge.

This matter comes to the court on appeal from an order of the United States Bankruptcy Court, District of Wyoming, *In re: Michael Jay Palm,* Case No. 86–01076–A. The bankruptcy court held that certain obligations of the debtor under a divorce decree entered by the District Court, First Judicial District, Wyoming, were not dischargeable pursuant to 11 U.S.C. § 523(a)(5). Because the court finds that the decision of the bankruptcy court was not clearly erroneous, that order will be AFFIRMED.

Appellant and appellee were divorced on 18 October 1983, and entered into a Property Settlement Agreement [Agreement] which was incorporated into the Divorce Decree [Decree]. The Agreement covered several topics, including the following: "Specific division of property between the husband and wife; provisions for the care, custody, and control and visitation of minor children born of the marriage; child support and insurance payments; contribution

for the children's education; and alimony." Paragraph 12 of the Agreement specifically provided that:

> [t]his agreement is not in any way to be construed as an agreement for divorce, but is meant only to be a settlement concerning the distribution of the parties' property and the custody and support in the event a Decree of Divorce is granted.

After the decree of divorce was entered, the appellant and appellee continued to live together, and appellant timely made all payments provided under the Agreement. The couple separated in 1986, and in December, 1986, the appellant filed a Chapter 11 bankruptcy petition, which was later converted to proceedings under Chapter 7 of the Bankruptcy Code. Due to his financial condition, the appellant petitioned the state district court in June, 1987, for a modification of his obligations under the property settlement and divorce decree. The court reduced his child support, providing that the amount of support would be increased as appellant's financial status improved. The court further determined that the award of alimony provided in paragraph 9 of the property settlement agreement was in the nature of a property settlement, and could not therefore be modified under Wyoming law.

The underlying action was filed in the bankruptcy court by the appellant, Michael Jay Palm, to determine whether the monthly "alimony" payments were dischargeable under the appellant's Chapter 7 proceedings. The United States Bankruptcy Court for the District of Wyoming found that the obligations for child support, medical and health insurance, alimony, and the obligation to hold the appellee harmless from joint debts incurred for the benefit of businesses owned by the appellant were in the nature of support and non-dischargeable. All other obligations, the court found, were dischargeable. The appellant has timely filed this appeal, arguing that the bankruptcy court applied an incorrect legal standard in determining the dischargeability of the debts, and that the appellee is estopped from arguing that the payment was in the form of support.

*1. Did the court apply the proper legal standard?*

In determining when an award constitutes alimony, the court looks to federal bankruptcy law, and not the law of the state. *In re Yeates,* 807 F.2d 874, (10th Cir.1986). Mr. Palm contends that the conflicting results of the state district court's and the bankruptcy court's inquiries regarding the nature of the payments at issue suggests that the bankruptcy court did not give adequate deference to the state court's determination. While a state court's determination may indeed be entitled to some deference, "bankruptcy courts are not bound by the state laws that define an item as maintenance or property settlement...." *In re Goin,* 808 F.2d 1391, 1392 (10th Cir.1987). Likewise, the bankruptcy judge should not be bound by a state court's decision as to the nature of an obligation under the laws of that state.

Instead, the bankruptcy court should look to the federal laws to make its decision, giving only that deference to the state law as is not inconsistent with the federal laws. In so doing, "[a] bankruptcy court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation." *Goin,* 808 F.2d at 1392. Such a determination is one peculiarly within the province of the judge hearing the case, and as such, will only be overturned when clearly erroneous. *In re Herd,* 840 F.2d 757, 759 (10th Cir. 1988). "Thus, the factual findings of the bankruptcy judge should not be disturbed absent the most cogent reasons appearing in the record." *Matter of Southwest Freight Lines, Inc.,* 100 B.R. 551, 552 (D.Kan.1989). The application of the clearly erroneous standard is correct when the court is reviewing a determination of the dischargeability of a debt. *In re Mullet,* 817 F.2d 677, 678–79 (10th Cir.1987).

In the present case, the court finds substantial evidence from which the bankruptcy court could have concluded that the payment in the agreement was not in the nature of a property settlement. Although the agreement entered into and incorporated into the decree of divorce was entitled,

"Property Settlement," it is painfully obvious that the document included many provisions which did not concern the distribution of property. Paragraph 3 gives permanent custody of the couple's children to Mrs. Palm. Paragraph 4 lists the rights of Mr. Palm to visitation of the children. Certainly, evidence exists that the Agreement included more than just a division of the property of the marriage. Further, provisions for periodic payments to the appellee were termed "alimony." Paragraph 9 of Property Settlement.

■ The bankruptcy court applied the proper legal standard in making its findings, attempting to ascertain from the Agreement what the intent of the parties was at the time that the Agreement was drafted. The court found that the agreement to provide the appellee with periodic alimony payments was not subject to other "determinations or treatment," nor was it inconsistent with the other portions of the written agreement. This court cannot find those holdings devoid of cogent reasoning, nor can it find that the holdings are clearly erroneous.

*2. Is the appellee judicially estopped from asserting that the award is in the nature of support?*

■ Appellant contends that the appellee should be judicially estopped from asserting that the alimony payments in the Agreement are in the nature of support because when Mrs. Palm "urged the state court in the modification proceeding to characterize Mr. Palm's obligations under their divorce settlement as property settlement ...," she had committed herself to a legal position with respect to the nature of the payments made to her by her former husband. Appellant's Brief, at 15. The appellant's brief does not describe or direct the court to any portion of the divorce modification proceedings which reflect or support his contention that testimony was given contrary to that presented to the bankruptcy court as to the intent of the property settlement agreement. The court agrees that a party may be estopped from asserting inconsistent positions in two judicial proceedings. *Allen v. Allen,* 550 P.2d 1137 (Wyo.1976) (in a declaratory judgment

action, adjudicating right under a deed, defendant was not allowed to take inconsistent position from that taken in a divorce proceedings as to the purpose of the deed). Judicial estoppel will be entertained by the court on appeal even if not raised before the trial court if to do so will protect the integrity of the judicial system and "prohibit dealing lightly with its proceedings." *Id.* at 1142. However, for a party to be so estopped, the positions taken must be on the identical question, and this court can rely only on the record before it to make that determination. The dischargeability of the debtor's obligation under the Bankruptcy Code, 11 U.S.C. § 523, was not before the state court for a decision in the modification proceedings. The obvious reason for any characterization of the alimony payment in state court as property settlement was that the determination would affect whether the payment would be subject to being modified under state law.

■ The appellee is correct in stating that this court cannot make a determination of the judicial estoppel issue without having the benefit of the position asserted by appellee in the state court proceedings. That record has not been presented to the bankruptcy court and has not been presented here. *See, e.g., Armijo v. Town of Atrisco,* 56 N.M. 2, 6, 239 P.2d 535, 539 (1951) (when files were lost or destroyed, court could not speculate on the precise nature of the argument made in the prior proceeding). Here, a bankruptcy court determined after conducting an evidentiary hearing that the party intended the monthly payment to support the former spouse. In *Allen,* the Wyoming Supreme Court was in possession of a transcript of the testimony given by the defendant in an earlier proceeding. Here, neither this court nor the bankruptcy court were permitted to view a record of the modification proceedings in the *Palm* divorce action. This inadequacy in the record is best demonstrated by addressing the appellee's second argument on this point. Appellee there alleges that the state court's finding that the payments to Mrs. Palm were in the nature of a property settlement. This contention, if made, is not inconsistent with the bank-

ruptcy court's later finding that the payment was in the nature of support. Without access to an adequate record, the court is unable to conclude that the appellee should at this stage be estopped from contending that the "alimony" payment found at paragraph 9 of the Property Settlement Agreement was intended to provide for her support. Accordingly,

It is ORDERED that the 21 November 1988 Order of the United States Bankruptcy Court for the District of Wyoming as found in *In re: Michael Jay Palm,* Case No. 86–01076–A should be, and is, AFFIRMED.