## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of<br>LOLA ELIZABETH MOONEY. | No. 73037-1-I |
| JAMES CHARLES HOWARD, | DIVISION ONE |
| Appellant, | UNPUBLISHED OPINION |
| v. | |
| ELIZABETH ANN COVEY, | |
| Respondent. | FILED: November 2, 2015 |

APPELWICK, J. — Howard appeals the dismissal of his will contest petition due to insufficient service of process. Howard served the personal representative's probate attorney, but never served the personal representative. RCW 11.24.010 mandates personal service on the personal representative. We affirm.

## FACTS

Elizabeth Ann Covey was appointed personal representative of Lola Mooney's estate on June 24, 2013. James Charles Howard filed a petition contesting Mooney's will on October 3, 2013. Howard's attorney, Candace Wilkerson, served the petition and summons upon Covey's probate attorney, Angel Vasilev. Vasilev's office received service on October 8, 2013.

Wilkerson and Vasilev began communicating about Howard's case via e-mail on July 19, 2013. At that time, Wilkerson notified Vasilev of her intent to file a will contest petition. Vasilev responded on July 22, 2013: "I received your e[-]mail on the above captioned matter. Please forward any further documents to the address below." They exchanged several more e-mails regarding the grounds for the will contest petition during early August. Wilkerson also claimed to have asked Vasilev by telephone if she should serve him or Covey.

On January 21, 2014, Covey responded to the petition. She denied Howard's allegations and raised several affirmative defenses, including insufficient service of process under RCW 11.24.010.[1]

On December 11, 2014, Covey brought a motion to dismiss for insufficient service under RCW 11.24.010. Howard responded to Covey's motion to dismiss for insufficient service and submitted affidavits from Wilkerson and her assistant, Timothy Folkerth. Wilkerson's affidavit asserted that Vasilev agreed, via e-mail and telephone, to accept service. Folkerth's affidavit stated that he called Vasilev on October 4, 2013 and Vasilev instructed him to serve the petition at Vasilev's office by legal courier.

At the hearing on the motion to dismiss, Vasilev testified that he did not recall any agreement to accept service on Covey's behalf. Folkerth did not testify. The trial court granted Covey's motion to dismiss for insufficient service. It did not make any written

---

[1] Covey also raised the issue that Howard's petition was procedurally defective, as it had been filed in the probate proceeding instead of a new action as required under RCW 11.96A.090(2). She later moved to dismiss on this ground. On October 23, 2014, the action was dismissed for failure to file the will contest petition as a new case. However, this order was revised so that the motion to dismiss was denied and the petition was transferred into a new case.

findings of fact and conclusions of law in the order. However, the trial court did orally announce the basis for its decision.[2]

## DISCUSSION

RCW 11.24.010, the statute governing will contest petitions, is clear in its mandate. A person who contests a will must file the petition within four months following the probate of the will. Id. The petitioner must personally serve the personal representative within 90 days of filing the petition. Id. This statute is unequivocal. It names a particular person who must be served—the personal representative. Id. It also requires that the personal representative be personally served. Id. It does not name any other agents who are authorized to receive service on the personal representative's behalf. See id.

Here, it is undisputed that Howard served Covey's probate attorney, rather than Covey herself. Despite the statute's clear mandate—a petitioner must personally serve the personal representative—Howard contends he complied with RCW 11.24.010. We disagree. Though personal service may be effectuated in a variety of methods, when a statute explicitly requires service on a particular person, that person must be served. See RCW 4.28.080 (listing methods of personal service); see also Nitardy v. Snohomish County, 105 Wn.2d 133, 134-35, 712 P.2d 296 (1986). Howard's failure to serve Covey

---

[2] The court stated,

> In looking at this, I think the burden is on the party establishing or trying to establish that there was, in fact, a waiver. And this Court is not persuaded by the evidence before it that there was, in fact, an agreement by the prior attorney to accept service of process, that there is sufficient facts to find that there was that agreement, that there was, therefore, a waiver of the requirement to serve service of process upon the actual individual. And I don't find that there was.

herself is not merely a mistake in the method of service. Cf. Cont'l Sports Corp. v. Dep't of Labor & Indus., 126 Wn.2d 594, 604, 910 P.2d 1284 (1996) (plaintiff complied with requirement that service be by mail by serving the party by Federal Express). Instead, it is a complete failure to meet the statute's requirement of personal service on a particular person. We conclude Howard's service of process on Vasilev was insufficient service under RCW 11.24.010.

Nonetheless, Howard contends that the doctrine of waiver applies here. He argues that Covey waived her right to receive personal service when her probate attorney agreed to accept service on her behalf. He challenges the trial court's oral findings that there was no such agreement and the statute was not so waived. Alternatively, Howard claims that Covey waived the ability to raise the affirmative defense of improper service by waiting to respond to the petition until after the statute of limitations had expired.

Although the trial court's findings were not formally written as findings of fact, the trial court's oral decision may be used to interpret the judgment. Feree v. Doric Co., 62 Wn.2d 561, 567, 383 P.2d 900 (1963). We review the trial court's findings under a substantial evidence standard. Miller v. City of Tacoma, 138 Wn.2d 318, 323, 979 P.2d 429 (1999). Under this standard, findings become verities on appeal so long as they are supported by substantial evidence. Id. Substantial evidence means evidence in sufficient quantum to persuade a fair-minded person of the truth of the finding. Robinson v. Safeway Stores, Inc., 113 Wn.2d 154, 157-58, 776 P.2d 676 (1989).

Howard argues that substantial evidence does not support the trial court's finding that the attorneys did not agree to serve Vasilev. Howard points to Vasilev's vague

recollection of the events leading up to service to suggest that Vasilev's testimony was not convincing. He contrasts Vasilev's testimony with Folkerth's and Covey's declarations, arguing that those pieces of evidence meet the substantial evidence standard.

But, there is evidence in the record to support the trial court's findings that there was no e-mail or telephone agreement. Vasilev testified before the trial court regarding the e-mail and telephone conversations in question. He explained that the July 22, 2013 e-mail in which he told Wilkerson to "forward" all further documents was not intended as an authorization to serve him with the will contest petition. He also testified that he did not remember a telephone conversation in which Wilkerson asked if she could serve him rather than Covey. Nor did he recall such a conversation with Folkerth. He emphasized that it was his firm's practice to document such agreements in writing, yet there was no written agreement before the court.

Now, Howard argues that Vasilev's testimony was not persuasive. But, this court does not make credibility determinations on appeal. Thompson v. Hanson, 142 Wn. App. 53, 60, 174 P.3d 120 (2007), aff'd by, 168 Wn.2d 738, 239 P.2d 537 (2009). We hold that there was substantial evidence in the record to support the finding that there was no agreement for Vasilev to accept service and waive the statutory service requirement.[3]

---

[3] Moreover, even if Vasilev agreed to accept service, Covey denies authorizing Vasilev to make such an agreement. RCW 11.24.010 does not expressly authorize a personal representative to waive personal service or to designate agents to accept service on behalf of the personal representative. We need not decide whether it does or does not authorize such delegation and waiver.

Howard argues in the alternative that Covey waived the affirmative defense of insufficient service of process through dilatory or inconsistent conduct. He claims that Covey waived the defense by raising it only after the statute of limitations had run, so that Howard could not cure the service defect. As Howard recognizes, though, the trial court did not reach this issue. Therefore, this issue is not properly before us on appeal. See Pascua v. Heil, 126 Wn. App. 520, 533, 108 P.3d 1253 (2005) (noting that this court generally does not review issues the trial court did not decide).

Even if this issue is properly before us, Howard's argument must fail. He relies on Lybbert v. Grant County, 141 Wn.2d 29, 1 P.3d 1124 (2000). But, that case does not support his argument. There, the plaintiffs argued that the defendant was equitably estopped from raising the defense because it failed to call attention to the insufficient service before the statute of limitations ran. Id. at 35-36. The Lybbert court rejected this argument, because the statute at issue explicitly required service on a particular person, the county auditor, and the plaintiffs failed to serve that person. Id. at 36, 32. Given the clarity of the statute, it was unreasonable for the plaintiffs to assume the defendant's silence meant this service was effective. Id. at 36. Here, RCW 11.24.010 is similarly explicit in its mandate. Therefore, Covey's failure to inform Howard of the service defect before the statute of limitations ran is not a basis for equitable estoppel.

The Lybbert court went on to hold that the defendant had waived the defense by engaging in extensive discovery prior to the statute of limitations expiring. Id. at 44-45. Here, there is no evidence in the record to suggest that Covey conducted discovery or otherwise prepared for litigation during the time between Howard's service on Vasilev and

6

the statute of limitations expiring.  Neither Lybbert nor the cases on which it relies provides

a basis to conclude Covey waived service of process.

We affirm.

WE CONCUR: